**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CATHY PAGE, | ) | NO. CV 13-965-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on February 13, 2013, seeking review of the Commissioner's denial of benefits. The parties consented to

_____

[1] Carolyn W. Colvin, who became Acting Commissioner of Social Security as of February 14, 2013, is hereby substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

1  proceed before a United States Magistrate Judge on March 20, 2013.
2  Plaintiff filed a motion for summary judgment on August 23, 2013.
3  Defendant filed a motion for summary judgment on September 23, 2013.
4  The Court has taken the motions under submission without oral
5  argument. See L.R. 7-15; "Order," filed February 19, 2013.

**BACKGROUND**

Plaintiff asserts disability since August 1, 2005, based on, inter alia, alleged psychiatric problems (Administrative Record ("A.R.") 51-52, 57-58, 153-60, 174). A "Mental Impairment Questionnaire" introduced into the Administrative Record as Exhibit B20F reflects medical opinions that Plaintiff: (1) would have "difficulty working at a regular job on a sustained basis"; (2) has "moderate" "restriction of activities of daily living"; (3) has "moderate" "difficulties in maintaining social functioning"; (4) "often" experiences "deficiencies of concentration, persistence or pace resulting in failure to complete tasks in a timely manner (in work settings or elsewhere)"; and (5) would have to be absent from work "about twice a month" (A.R. 491-94). Exhibit B20F appears to have been signed jointly by Patrick Humphreys, a licensed clinical social worker, and Dr. T. Angeles, Plaintiff's treating psychiatrist (A.R. 494).

In a decision dated May 14, 2010, the Administrative Law Judge ("ALJ") found Plaintiff not disabled (A.R. 70-75). This decision failed to mention Exhibit B20F (id.). On December 15, 2010, the Appeals Council remanded the matter to the ALJ because, inter alia,

1 | the ALJ's May 14, 2010 decision failed to mention Exhibit B20F (A.R.
2 | 81-82).

4 | In a decision dated April 5, 2011, the ALJ again found Plaintiff
5 | not disabled (A.R. 11-17).  This decision again failed to mention
6 | Exhibit B20F (id.).  The decision did cite Exhibit B21F, which
7 | consists of records from the same mental health provider that employs
8 | the authors of Exhibit B20F (Long Beach Mental Health Center) (A.R.
9 | 14).  As to Exhibit B21F, the ALJ stated, "I give no weight to records
10 | from the Long Beach Mental Health Center, because their assessment is
11 | self-serving and not consistent with the objective findings or the
12 | record as a whole (Exhibit B-21F)" (id.).

14 | Plaintiff then argued to the Appeals Council that the ALJ again
15 | had "failed to properly evaluate the opinions of treating sources at
16 | Long Beach Mental Health, Exhibit B20F" (A.R. 151).  This time,
17 | however, the Appeals Council denied review (A.R. 1-4).

**STANDARD OF REVIEW**

21 | Under 42 U.S.C. section 405(g), this Court reviews the
22 | Administration's decision to determine if:  (1) the Administration's
23 | findings are supported by substantial evidence; and (2) the
24 | Administration used correct legal standards.  See Carmickle v.
25 | Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
26 | 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such
27 | relevant evidence as a reasonable mind might accept as adequate to
28 | support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

(1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

Plaintiff contends, inter alia, that the Administration erred with respect to the medical opinions reflected in Exhibit B20F. For the reasons discussed below, the Court agrees.

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions). Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific,

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

4

legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

Furthermore, "[t]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); see also Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits. . . ."). As effective at the time the ALJ rendered his most recent decision, section 404.1512(e) of 20 C.F.R. provided that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See 20 C.F.R. § 404.1512(e) (eff. through Mar. 25, 2012);[3] see also Smolen v. Chater, 80 F.3d at 1288 ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record") (citations omitted). The ALJ's duty under former section 404.1512(e) is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper

---

[3] Paragraph (e) has since been deleted from this section. See 20 C.F.R. § 404.1512.

evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted).

In the present case, the ALJ erred by failing to mention the treating psychiatrist's opinions reflected in Exhibit B20F. See Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) ("Of course, an ALJ cannot avoid these requirements [to state specific, legitimate reasons] by not mentioning the treating physician's opinion and making findings contrary to it."); Salvadore v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990) (implicit rejection of treating physician's opinion cannot satisfy Administration's obligation to set forth "specific, legitimate reasons").

Defendant's Motion appears to suggest that the medical opinions reflected in Exhibit B20F may not have been the opinions of Dr. Angeles (as distinguished from the opinions of Mr. Humphreys) (Defendant's Motion at 2-3). Even if Dr. Angeles' signature on Exhibit B20F did not unambiguously indicate that the report expressed Dr. Angeles' opinions, the ALJ erred by failing to address the matter. At a minimum, the ALJ should have further developed the record to clarify any alleged ambiguity arising from the joint signatures on Exhibit B20F. See Sims v. Apfel, 530 U.S. at 110-11, Mayes v. Massanari, 276 F.3d at 459-60; former C.F.R. § 404.1512(e).

To the extent the ALJ intended the stated reasoning directed to Exhibit B21F to apply also to Exhibit B20F, the ALJ's stated reasoning was legally insufficient. As a matter of law, the statement that the "assessment is self-serving and not consistent with the objective

findings or the record as a whole," fails to state specific, legitimate reasons for rejecting the opinion of a treating physician. See, e.g., McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required. . . .").

Defendant appears to argue that the ALJ's reliance on the conflicting opinions of the consultative examining psychiatrist suffices to justify the ALJ's implicit rejection of Dr. Angeles' opinions (Defendant's Motion at 5-6). This argument must be rejected. The contradiction of a treating physician's opinion by another physician's opinion triggers rather than satisfies the requirement of stating "specific, legitimate reasons." See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2009); Orn v. Astrue, 495 F.3d at 631-33; Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

To the extent Defendant suggests other reasons why the ALJ may have implicitly rejected Dr. Angeles' opinions, the Court is unable to affirm the ALJ's decision on the basis of any of the suggested reasons. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

///
///

The Court is also unable to conclude that the ALJ's errors were harmless. For example, Dr. Angeles opined that Plaintiff's psychiatric impairment would cause Plaintiff to be absent from work "about twice a month" (A.R. 493). At the most recent administrative hearing, a vocational expert testified that an acceptable number of days missed from work would be "approximately one" day per month (A.R. 62).

Because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).[4]

///
///
///
///
///
///
///

---

[4] There are outstanding issues that must be resolved before a proper disability determination can be made in the present case. For example, it is not clear whether the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability, even if the opinions of Dr. Angeles were fully credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010). For at least this reason, the Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) does not compel a reversal for the immediate payment of benefits.

**CONCLUSION**

For all of the foregoing reasons,[5] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 2, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.